IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO NIETO CASAREZ AND | § | |
| JOSE SANTANA TOVAR | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-17-186 |
| | § | |
| GEORGE DAVIS, JR., REX SIMPSON | § | |
| AND SIMPSON TRUCKING, LLC | § | |
| *Defendants.* | § | |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME PLAINTIFFS, Antonio Nieto Casarez and Jose Santana Tovar, complaining of and about George Davis, Jr., Rex Simpson, and Simpson Trucking, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

1. PARTIES

1.1     Plaintiff, Antonio Nieto Casarez is an individual residing in Hidalgo County, Edinburg, Texas.

1.2     Plaintiff, Jose Santana Tovar is an individual residing in Cameron County, Brownsville, Texas.

1.3     Defendant, George Davis, Jr., an Individual who is a resident of the State of Kentucky. Said Defendant may be served with process at his home at the following address: 107 Static Road, Paris, Kentucky 40361. Service of said Defendant as described above can be effected by personal delivery.

1.4     Defendant, Rex Simpson, an Individual who is a resident of the State of Kentucky. Said Defendant may be served with process at his home at the following address: 650 Hume Bedford Road, Paris, Kentucky 40361. Service of said Defendant as described above can be effected by personal delivery.

1.5     Defendant, Simpson Trucking, LLC, is a Foreign Company stationed in Kentucky and is organized under the laws of the State of Kentucky. Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, Rex Simpson, 650 Hume Bedford Road, Paris, Kentucky 40361, its registered office. Service of said Defendant as described above can be effected by certified mail.

## 2. JURISDICTION AND VENUE

2.1     This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds 75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

3. FACTUAL BACKGROUND

<u>The Collision</u>

3.1     This lawsuit concerns a motor vehicle collision that occurred on September 21, 2015. The collision occurred between a 2007 Chevrolet C1500 which was driven by Plaintiff, Antonio Nieto Casarez and a 1998 Freightliner tractor trailer which was driven by George Davis, Jr., under the authority and control of Defendant, Rex Simpson and/or Simpson Trucking, LLC. At the time of the collision, Plaintiff, Antonio Nieto Casarez was accompanied by Plaintiff, Jose Santana Tovar.

3.2     The vehicular collision occurred on a Monday morning at the 8000 block of US Highway 77, within the city limits of Brownsville, Texas.  With respect to the area where the collision occurred, US Highway 77 of consists of two northbound lanes.

3.3     Prior to the collision, Plaintiff, Antonio Nieto Casarez was traveling northbound on US Highway 77, on the left lane.  At the same time, Defendant, George Davis Jr., was stationary facing west in a private drive at said location. The incident ensued when Mr. Davis, suddenly and unexpectedly, exited the private drive onto US Highway 77, failing to yield the right of way, resulting in the collision with Mr. Casarez's vehicle.

3.4     The following is a sketch excerpted from the official police report which was investigated by Officer Cornelio Renteria, Badge No. 5305, of the Brownsville Police Department:



### THE INJURIES

3.5     Antonio Nieto Casarez suffered physical and emotional injuries as a result of this collision. Mr. Nieto Casarez was diagnosed with cervical, lumbar left knee and right arm sprains/strains, multiple disc bulges and herniations to his neck and lower back. Mr. Nieto Casarez has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. In all probability Mr. Nieto Casarez will continue to incur medical expenses in the future to alleviate his pain. Mr. Nieto Casarez was healthy prior to this collision.

3.6     Jose Santana Tovar suffered physical and emotional injuries as a result of this collision. Mr. Santana Tovar was diagnosed with cervical, lumbar and left shoulder sprains/strains, avulsion fracture at the insertion of the supraspinatus tendon, rotator cuff tear, bicipital tenosynovitis, intrasubstance tear of the superior labrum, disc bulges and multiple disc herniations to his neck. Mr. Santana Tovar has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. In all

probability Mr. Santana Tovar will continue to incur medical expenses in the future to alleviate his pain. Mr. Santana Tovar was healthy prior to this collision.

THE EMPLOYMENT RELATIONSHIP BETWEEN THE DEFENDANT AND
THE RESULTING VICARIOUS LIABILITY

3.7 At the time of the collision which is the subject of this cause of action, and at all other relevant times, George Davis Jr., was an employee of Rex Simpson and/or Simpson Trucking, LLC, who was acting within the course and scope of his employment. In this regard, George Davis Jr., was an employee insofar as the master-servant relationship under common law is concerned.

3.8 Alternatively, and at all relevant times herein, George Davis Jr., was a "statutory employee" under the statutory employee doctrine. In this regard, an intrastate motor carrier (such as Rex Simpson and/or Simpson Trucking, LLC) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, Defendant, Rex Simpson and/or Simpson Trucking, LLC, had exclusive control of the tractor trailer which George Davis Jr., was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000). As a result, Rex Simpson and/or Simpson Trucking, LLC, is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of George Davis Jr.

3.9     Alternatively, Rex Simpson and/or Simpson Trucking, LLC, are vicariously liable with respect to all negligence of George Davis Jr., under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## 4. CAUSE OF ACTION AGAINST DEFENDANT
### NEGLIGENCE OF GEORGE DAVIS, JR., & RESPONDEAT SUPERVISOR

4.1     Plaintiffs' claims against Defendant is brought under the provisions of the Federal Tort Claims Act 28 U.S.C. §2671 et seq. Defendant, Rex Simpson and/or Simpson Trucking, LLC is the responsible party defendant for the actions of its employee, George Davis, Jr., acting within the course and scope of his employment. 28 U.S.C. §2679.

4.2.    Under the doctrine of respondeat superior, Defendant, Rex Simpson and/or Simpson Trucking, LLC is vicariously liable for the actions of its employee, George Davis, Jr., while in the course and scope of his employment. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, Rex Simpson and/or Simpson Trucking, LLC's employee in one or more of the following particulars:

    4.2.1     In that George Davis, Jr., failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    4.2.2     In placing Plaintiffs in a position of peril due to George Davis, Jr.'s lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;

    4.2.3     In that George Davis, Jr., failed to safely change lanes as would have been done by an ordinary prudent person of the same age,

experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances;

4.2.4   In that George Davis, Jr., failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and George Davis, Jr.'s motor vehicle which would permit George Davis, Jr., to safely change lanes without colliding into Plaintiff's motor vehicle;

4.2.5   In that George Davis, Jr., was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4.2.6   In that George Davis, Jr., failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.7   In that George Davis, Jr., failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

4.2.8   In that George Davis, Jr., failed to apply his brakes to his motor vehicle in a timely and prudent manner;

4.2.9   In failing to exercise reasonable care to protect the safety of others who are using the roadways;

4.2.10   In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.11   In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision; and/or

4.2.12   In that George Davis, Jr., was negligent by failing to operate a commercial vehicle of this type in a reasonably prudent or responsible manner.

4.3     Plaintiffs' injuries were proximately caused by George Davis, Jr.'s, negligent, careless and reckless disregard of said duty.

## 5. CAUSE OF ACTION AGAINST DEFENDANT
### NEGLIGENCE OF REX SIMPSON AND/OR SIMPSON TRUCKING, LLC

5.1     On September 21, 2015, Defendant, Rex Simpson and/or Simpson Trucking, LLC was the owner of the tractor trailer driven by George Davis, Jr. Defendant, Rex Simpson and/or Simpson Trucking, LLC, <u>negligently entrusted</u> the vehicle to George Davis, Jr., a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that George Davis, Jr., was a reckless and incompetent driver.

5.2     Furthermore, and alternatively, Rex Simpson and/or Simpson Trucking, LLC, owed Plaintiffs a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently <u>training</u>, <u>supervising</u>, <u>hiring</u> and <u>retaining</u>, George Davis, Jr., consisting of, but not limited to the following:

> 5.2.1   In failing to exercise ordinary care in implementing adequate training procedures for drivers;
>
> 5.2.2   In failing to exercise ordinary care in implementing adequate continued education for all drivers;
>
> 5.2.3   In failing to exercise ordinary care in implementing adequate supervision procedures;
>
> 5.2.4   In failing to adequately screen George Davis, Jr.'s driving record prior to hiring him; and/or
>
> 5.2.5   In failing to exercise ordinary care in determining whether George Davis, Jr., was competent enough to be hired.

5.3    Each of the aforementioned negligent acts or omissions of the Defendant, Rex Simpson and/or Simpson Trucking, LLC constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiffs.

### 6. VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

6.1    In addition to duties which George Davis, Jr., and Rex Simpson and/or Simpson Trucking, LLC owed the motoring public, including Plaintiffs, under the common law of this state, Defendant owed duties under and were governed by, at all relevant times, the FMCSR. According to the FMCSR, Rex Simpson and/or Simpson Trucking, LLC, were considered a motor carrier or operator of the commercial motor vehicle which George Davis, Jr., was driving at the time of this incident. With respect to the provisions of the FMCSR which were violated by George Davis, Jr., and Rex Simpson and/or Simpson Trucking, LLC, are deemed to have violated such provisions as well, as a result of the application of the FMCSR.

### 7. DAMAGES FOR ANTONIO NIETO CASAREZ

7.1    As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Antonio Nieto Casarez sustained personal injuries in the form of disc bulges and herniations to his lower back which have resulted in losses and damages recoverable by law. The back herniations require surgical intervention to correct the continuing pain and lasting effects.

7.2    Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There

are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

      7.3      From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

> 7.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Antonio Nieto Casarez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron county, Texas;
>
> 7.3.2    Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;
>
> 7.3.3    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and
>
> 7.3.4    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

      7.4      From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

      7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

      7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

      7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial; and

      7.4.4    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8. DAMAGES FOR JOSE SANTANA TOVAR

8.1     As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Jose Santana Tovar sustained personal injuries in the form of disc bulges and herniations to his neck which have resulted in losses and damages recoverable by law. The neck herniations require surgical intervention to correct the continuing pain and lasting effects.

8.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

8.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

      8.3.1   Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Jose Santana Tovar for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron county, Texas;

      8.3.2   Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

      8.3.3   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

      8.3.4   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

8.4     From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

      8.4.1   The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

      8.4.2   Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

      8.4.3   The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

        8.4.4    The mental anguish that Plaintiff will suffer in the future beyond the time of trial; and

        8.4.5    Property damage.

## 9. P<small>RE</small>/P<small>OST</small> J<small>UDGMENT</small> I<small>NTEREST</small>

9.1    To the extent provided by law, Plaintiffs further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiffs plead that if they are not allowed such pre and post judgment interest, that they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Antonio Nieto Casarez and Jose Santana Tovar, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Daniel Torres*
Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645
Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-544-4444
Fax: 956-550-0877